IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| BILLY WILLIAMS, | : | |
|---|---|---|
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 09-0578-KD-C |
| GRANTT CULLIVER, | : | |
| Defendants. | : | |

### ORDER

This action is before the Court on the report and recommendation entered by Magistrate Judge William E. Cassady and plaintiff Billy Williams' objections to the report and recommendation (docs. 35, 38, 40).[1] In the report and recommendation, the Magistrate Judge recommends that summary judgment be granted in favor of defendant Warden Grantt Culliver and the action against him dismissed with prejudice. The Magistrate Judge also recommends that the action against the defendant unidentified male CERT[2] officer referenced in the complaint be dismissed without prejudice. Upon consideration, and for the reasons set forth herein, the report and recommendation is **ADOPTED**, as follows as to Culliver, but with the following amendments as to Warden Jerry Ferrell and the unknown male CERT officer:

<u>Warden Grantt Culliver</u>

After due and proper consideration of all portions of this file deemed relevant to the issues raised against Culliver, including the objection to the report and recommendation and memorandum in support (docs. 38, 40), and a *de novo* determination of those portions of the

---

[1] Williams also filed a motion for a status report (doc. 44). This motion is **MOOT.**

[2] CERT is the acronym for "Correctional Emergency Response Team".

1

report and recommendation to which objection is made, the report and recommendation is **adopted** as the opinion of the Court. Accordingly, for the reasons set forth therein, this action **is dismissed with prejudice as to Warden Grantt Culliver.**

<u>Warden Jerry Ferrell</u>

Williams filed his complaint in this Court styled Billy Williams v. Warden Jerry Ferrell, *et al* (doc. 1). In the body of the complaint, Williams identified two other defendants: Culliver and the unidentified male CERT Officer. Although Ferrell was named as a defendant in the style of the complaint, he was not specifically listed as a defendant in the body of the complaint. Williams does allege in the complaint that Ferrell knew the identity of the unknown CERT officer whom Williams alleges assaulted him with a baton during a raid at Williams' dorm at Fountain Correctional Center (doc. 1, ¶B.1). In the attachment to his complaint, Williams seeks the identity of the CERT officers and states that they were "coordinated by Warden Jerry Ferrell and Warden Culliver" (doc. 1-1, p. 1). On July 21, 2010, Ferrell was terminated from this action. Also, that same day, an order for service was entered which identified Culliver as the defendant in the style of the complaint instead of Ferrell and footnotes that the unidentified CERT officer is not being served. The order makes no mention of service upon Ferrell (doc. 25).

However, after the report and recommendation was entered, and concurrent with his objections, Williams filed a motion for service upon Ferrell (doc. 42). In this motion, Williams asserts summarily that Ferrell failed "to take corrective steps in the face of a pattern of excessive force engaged in by officers." Also in the objection to the report and recommendation, Williams alleges that Ferrell was the warden at Fountain at the time of the alleged injury. Williams also alleges that Culliver was the warden at Holman Correctional Facility and that Culliver supervised the raid on Williams' dorm at Fountain (doc. 38, p. 15-16). In his memorandum in

support of the objection, Williams alleges that Ferrell has supervisory liability for the actions taken by Culliver and the CERT officers (doc. 40, p. 9-10).

The Court of Appeals for the Eleventh Circuit has explained that when an objection to a report and recommendation contains additional factual allegations against defendants named in the complaint which the plaintiff did not include in his complaint, "the collective substance of [the allegations] was an attempt to amend the complaint." Newsome v. Chatham County Detention Center, 256 Fed.Appx. 342, 344 (11th Cir. 2007). The Circuit Court further explained that "[b]ecause courts must construe pro se pleadings liberally, the district court should have considered [the]additional allegations in the objection as a motion to amend his complaint and granted it." Id. However, construing collectively Williams' allegations of fact in his motion for service and memorandum in support of his objections (docs. 42, 40) as a motion to amend his complaint to add factual allegations against Ferrell, the allegations are insufficient to sustain a cause of action against Ferrell; therefore the motion to amend is **DENIED**.

For Williams' claims against Ferrell to survive, Williams must show either that Ferrell directly participated in the alleged constitutional deprivation, i.e, the alleged assault against Williams, or show that another causal connection exists between Ferrell's acts or omissions and the alleged constitutional deprivations. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Williams would need to show a "history of widespread abuse" which would put Ferrell on notice of the need to correct the alleged deprivation and Ferrell's failure to do so. Cottone, 362 F. 3d at 1360. However, Williams allegations of fact are limited to the single event wherein the CERT officers raided Williams' dorm to seize contraband items. Williams has not alleged any factual allegations which might support an inference that a custom or policy on the part of Ferrell resulted "in deliberate indifference to constitutional rights" or that Ferrell "directed" the CERT

officers "to act unlawfully or knew that the" CERT officers "would act unlawfully and failed to stop them from doing so." Cottone, 362 F.3d at 1360 (quotations and citations omitted). In general, isolated incidents are "insufficient to establish a supervisor's liability" but instead "the deprivations must be obvious, flagrant, rampant and of continued duration...." Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir.2006) (quotations and citations omitted); see also Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009) ("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [and] [t]he well-pled allegations must nudge the claim across the line from conceivable to plausible.") (internal quotations and citations omitted).

### The unidentified male CERT officer

In his complaint, Williams made specific factual allegations against an unidentified male CERT officer. By order entered July 21, 2010, the Court stated that the unidentified male CERT officer would not be served because there was insufficient information to identify him (doc. 25, n. 1). Since the report and recommendation was entered, Williams filed his objections to the report and recommendation and contemporaneously therewith a motion for leave to amend his complaint (doc. 41).[3] In the motion, Williams names twenty-six correctional officers whom he alleges are the CERT officers who conducted the raid (doc. 41, ¶ 4, p. 1-2). Thus, it appears that Williams has obtained some information which may lead to the identity of the unidentified male CERT officer whom Williams alleges assaulted him during the raid.

Accordingly, Williams is granted leave to conduct limited discovery. Williams may, on or before **April 30, 2011,** submit **five (5) interrogatories** for the limited purpose of obtaining

---

[3] Williams also filed another motion for leave to amend his complaint (doc. 43). These motions will be addressed by separate order.

discovery which may lead to the identity of the unknown male CERT officer. The Magistrate Judge shall review the interrogatories to determine whether to allow the interrogatories to be served upon the State of Alabama, Department of Corrections.

The five (5) interrogatories, for purposes of this order, shall consist of five single questions without subparts, directed toward either the identify of the CERT officer or information which may lead to the identity of the CERT officer. Rule 26(b)(1) of the Federal Rules of Civil Procedure governs interrogatories addresses the scope and limits of discovery and states that the court may limit discovery by court order. In this action, Williams is limited to discovery of any "nonprivileged matter that is relevant to" his claim that a CERT officer assaulted him, and he may obtain discovery directed toward the identity of that officer "including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter" which may identify the CERT officer.

Should Williams ascertain the identity of the unknown CERT officer, he is **ORDERED** to file his amended complaint on or before June 30, 2011, on this Court's form for a Prisoner Complaint Under 42 U.S.C. § 1983 action and to clearly identify the CERT officer as a defendant and to state the specific facts and claims alleged as to that defendant.

The Clerk is instructed to send Williams a copy of this Court's form with this Order.

**DONE** this the 23rd day of March, 2011.

s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**