IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILLY WILLIAMS, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 09-0578-KD-C |
| GRANTT CULLIVER, *et al.*, | : | |
| Defendants. | : | |

## ORDER

This action is before the Court on the plaintiff's motion for leave to file an amended complaint to add Richard Allen,[1] Commissioner of the Alabama Department of Correction, as a defendant (doc. 43). Upon consideration and for the reasons set forth herein, the motion is **DENIED** as futile.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that a "party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should generally be granted "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir.1999) (internal quotes omitted). Therefore, a "district court may deny leave to amend, if it concludes that the proposed amendment would be futile, meaning that the amended complaint

---

[1] Allen is no longer the Commissioner. Kim T. Thomas, is serving as the Interim Commissioner.

1

would not survive a motion to dismiss" for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Christman v. Walsh, 2011 WL 721302, 2 -3 (11th Cir. 2011) (citation omitted). In that regard, the court must accept as true the plaintiff's factual allegations and construe them in the light most favorable to him. Id. Also, the "complaint must 'state a claim for relief that is plausible on its face.'" Id. citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). But Williams must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-1965.

In his motion, Williams seeks to bring a § 1983 claim against Allen based upon a theory of supervisory liability. However, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004); Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). Allen may be liable under § 1983 only if he was personally responsible for the alleged constitutional violation, i.e., participated in the alleged assault or there was a causal connection between Allen's alleged conduct and the alleged constitutional violation. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

Williams does not allege that Allen was present or that he participated in any manner. Williams alleges that Allen should be added as a defendant because he is the "supervisor" and his "deliberate indifference permitted [i.e., caused] the constitutional abuses" (doc. 43, p. 1). In support, Williams makes the conclusory allegation that Allen is responsible for implementing a

system wide policy of allowing officers to use riot batons as weapons but without training the officers on excessive force or providing cautionary instruction about use of the batons and ignoring and failing to react to this widespread problem (doc. 43). Williams motion is filled with other conclusory allegations which simply recite the elements of claims which could be raised against a supervisory official. Therefore, Williams has failed to set forth "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-1965.

Moreover, while Williams alleges that there is a widespread policy at issue, Williams alleges that a single unidentified CERT officer beat him with a baton during a raid to confiscate contraband. From this action by a single officer, Williams concludes that there is a widespread policy on the part of Allen resulting in Williams' constitutional violation. Generally, a single, isolated incident which occurs without warning will not give rise to supervisory liability and Williams has not alleged that Allen had any foreknowledge that such an attack might occur. To establish supervisory liability, the constitutional deprivation must be " 'obvious, flagrant, rampant and of continued duration ....' " Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir.2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir.1999)). Generally, a supervisor may rely on the subordinates to respond appropriately absent repeated violation or other information indicating that they may not.

Also, any "knowledge" on the part of Allen, as a "supervisor", "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). Williams has not alleged any facts from which one could reasonably infer that Allen had such knowledge. By Williams own declaration, he states that he contacted Allen several times <u>after</u>

the alleged assault occurred. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." <u>Cottone</u>, 362 F.3d at 1360 (internal quotation marks and citation omitted).

**DONE** this the 23rd day of March, 2011.

**<u>s/ Kristi K. DuBose</u>**
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**