# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

BILLY WILLIAMS,                                    :

     Plaintiff,                                :

vs.                                                 :   **CIVIL ACTION 09-0578-KD-C**

GRANTT CULLIVER,  et al,                           :

     Defendants.                               :

## ORDER

This action is before the Court on the motion for leave to file an amended complaint filed by plaintiff Billy Williams (doc. 41).   Upon consideration and for the reasons set forth herein, the motion is **DENIED**.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that a "party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave to amend should generally be granted "[i]n the absence of . . .  undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (internal quotes omitted).

Therefore, a "district court may deny leave to amend, if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss" for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Christman v. Walsh,* 2011 WL 721302, at *2-3 (11th

Cir. Mar. 2, 2011) (citation omitted).   In that regard, the Court must accept as true Williams'

factual allegations and construe them in the light most favorable to him. *Id.*  Also, the "complaint

must 'state a claim for relief that is plausible on its face.' " *Id.* (quoting *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

*Ashcroft v. Iqbal,* 556 U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).  But

Williams must set forth "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  *Id.* (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. at

1964-1965).

In his motion for leave to file an amended complaint, Williams seeks leave to amend to

add twenty (26) CERT officers and nine other prison employees (doc. 41).  In his motion for

leave to amend, objection to the Report and Recommendation, and his memorandum in support

(docs.  38, 40), the latter two the Court construes as part of Williams' motion for leave to file an

amended complaint, *see  Newsome v. Chatham County Detention Center,* 256 Fed.Appx. 342,

344 (11th Cir. 2007) (finding that "[a]lthough the form of those additional allegations were

objections to the recommendation of dismissal, the collective substance of them was an attempt

to amend the complaint" and that the  "courts must construe pro se pleadings liberally"),

Williams appears to allege that all twenty-six  of the CERT officers were in his dormitory when

he was allegedly beaten by a CERT officer and that all twenty-six did not intervene to assist him

and thus have violated his constitutional rights under the 8th and 14th Amendments.   However,

this sort of conclusory allegation cannot withstand the test set forth in *Twombly*, 550 U.S. at 555.

Also, to state a facially plausible claim, Williams must plead sufficient "factual content" from

which the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at ----, 129 S.Ct. 1937 at 1949. However, Williams has simply made a conclusory, blanket allegation against every CERT officer, but without specific factual allegations as to what acts each officer may or may not have taken during the raid which would give rise to the constitutional violation alleged by Williams. Therefore, leave to amend to add the twenty-six named CERT officers is **DENIED** as futile.

Williams also seeks leave to amend to add certain other individual prison employees as defendants. These persons were identified in the attachment to Williams complaint, although not specifically identified as defendants. In Williams' complaint he raised claims of assault and battery and violation of the Eighth Amendment for infliction of cruel and unusual punishment on basis that the unidentified CERT officer had beaten him during the raid (doc. 1, p. 5). However, Williams also alleged that his "basic human need such as medical care" was violated (id.) and in the attachment to his complaint (doc. 1-1), he explained his attempts to obtain medical care after the alleged attack. In sum, Williams alleges that when he sought medical care or help with access to medical care (such as obtaining a sick call slip), these individual prison employees ignored him, made up excuses, or turned him away, and consequently he did not receive medical care until 8:30 p.m. on August 19, 2009,[1] after his alleged injury occurred around 6:30 a.m. on August 18, 2009 (doc. 1-1, attachment to complaint, p. 1, 3; *see generally* doc. 38, objection to the report and recommendation; doc. 40, p. 6, memorandum in support).

Reviewing Williams' complaint and other filings collectively, and liberally construing the factual allegations therein in the light most favorable to Williams, it appears that he attempts

---

[1] In the attachment to the complaint, Williams alleges that he had bruises on his neck, his throat felt like it was cut, that when he swallowed or breathed it felt like fire, and that his left big toe was numb (doc. 1-1, p. 3-4). Williams stated that the nurses gave him pain medication (Id.)

to raise a claim of deliberate indifference to his serious medical needs against at least some of the individuals named in the complaint, and in the objection, memorandum in support, and motion for leave to amend the complaint (docs, 38, 40, 41).

However, even after allowing a liberal construction of Williams' *pro se* complaint and other documents, *see Newsome*, 256 Fed Appx. at 344, and drawing all reasonable inferences in favor of Williams from the factual allegations therein, Williams fails to allege the necessary facts to support a claim for deliberate indifference to serious medical needs. Williams' allegations that different individuals at the prison did not promptly address his allegedly serious injuries does not state a violation of the Eighth Amendment. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir.1999) (citation omitted). For example, accepting as true that a correctional officer shouted over Williams as he tried to speak and ordered Williams back to his cell, or that a prison employee told Williams she was out of sick call slips when she actually had the slips, or that the laundry attendant turned his head away and did not look at Williams' injuries, their actions are not the sort of sufficiently harmful acts or omissions which would offend the standards of decency but instead indicate, at best, that these individuals may have been negligent. "Deliberate indifference requires '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.'" *Butler v. Prison Health Services, Inc.,* 294 Fed.Appx. 497, 499 (11th Cir.2008), quoting *Farrow v. West,* 320 F.3d 1235, 1245 (11th Cir. 2003). Moreover, Williams alleges painful injuries to his throat and neck vertebrae and that injury to his big toe caused pain and then the toe became numb. However, he has not alleged

any facts from which an inference could arise that  there was "a substantial risk of serious harm"
if these injuries were "left unattended." *Id.*   As previously explained, a "claim has facial
plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Christman,* 2011 WL 721302,
at *2-3 quoting *Iqbal,* 129 S.Ct. at 1949.  Accordingly, the motion for leave to amend is
**DENIED.**

>     **DONE** this the 1st day of April, 2011.


>                                      s/ Kristi K. DuBose
>                                      KRISTI K. DuBOSE
>                                      UNITED STATES DISTRICT JUDGE