IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BILLY WILLIAMS, AIS 256314, :

    Plaintiff, :

vs. : CA 09-0578-KD-C

GRANTT CULLIVER, :

    Defendant.

# REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on a motion for leave to appeal *in forma pauperis* (Doc. 63), filed *pro se* by Billy Williams. For the reasons stated below, it is recommended that the motion be denied on the basis that it is not taken in good faith and that Billy Williams be required to pay the filing fee pursuant to 28 U.S.C. §1915(b).

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the plaintiff does not have an opportunity to file objections. *Minetti v. Port of Seattle,* 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with [fourteen] days to file written objections with the district court."). The Clerk is, therefore, directed to refer this matter to the District Judge for her consideration without the necessity of a waiting period.

## BACKGROUND

Billy Williams is a state prisoner presently confined in the Bullock Correctional Facility in Union Springs, Alabama. (*See* Doc. 63, Attached Envelope.) On September 3, 2009, Williams filed a § 1983 action against an unidentified CERT officer and Warden Grantt Culliver alleging a violation of his Eighth and Fourteenth Amendment rights on account of an alleged assault to his person by the unidentified CERT officer during an institutional shakedown of Fountain Correctional Facility on August 18, 2009. (*See* Doc. 1.) By opinion entered on November 3, 2010, the undersigned recommended that defendant Grantt Culliver's motion for summary judgment be granted and that plaintiff's Eighth Amendment claim against Culliver be dismissed with prejudice. (Doc. 35.)[2] By order entered on March 23, 2011, United States District Judge Kristi K. DuBose adopted the report and recommendation as to Culliver (and dismissed with prejudice the action as to Culliver)[3] but extended to plaintiff the opportunity to try to identify the CERT officer and file an amended complaint against that individual. (*See* Doc. 47.) Williams filed written notice of appeal on

---

[2] The undersigned also noted parenthetically that plaintiff's action against the unnamed CERT officer should be dismissed without prejudice since fictitious party practice is not permitted in federal court. (*See id.* at 10, n.4.)

[3] The Court did not enter a Rule 58 judgment, however, as to Culliver.

April 22, 2011 (*see* Doc. 55) and, on May 20, 2011, a motion for leave to appeal *in forma pauperis* (Doc. 63). Williams provides nothing in the way of articulating the issues that he desires to present on appeal. His notice of appeal simply states that he is giving notice to his "adversary," Grantt Culliver, of his intent to appeal Judge DuBose's adoption of the undersigned's report and recommendation "to grant the defendant Grantt Culliver's motion for summary judgment and to dismiss plaintiff Billy Williams['] claims against Grantt Culliver." (Doc. 55.) Moreover, his IFP motion says nothing specific about the issues to be raised on appeal; instead, he simply states therein that he desires to present on appeal "[a]ll issues in civil action number 1:09-cv-00578-KD-C." (Doc. 63, at 1.)

## **DISCUSSION**

A determination whether plaintiff's motion to proceed on appeal *in forma pauperis* should be granted is informed by 28 U.S.C. § 1915 and Fed.R.App.P. 24. *See Ex parte Chayoon*, 2007 WL 1099088, *2 (M.D. Fla. April 10, 2007) (citation omitted). Section 1915(a) provides, as follows:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action,

defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(3) ***An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.***

*Id.* (emphasis supplied). Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

**(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

**(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

**(B)** claims an entitlement to redress; and

**(C)** states the issues that the party intends to present on appeal.

**(2) Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides

4

otherwise. If the district court denies the motion, it must state its reasons in writing.

**(3) Prior Approval.** A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

**(A)** the district court–before or after the notice of appeal is filed–certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or

**(B)** a statute provides otherwise.

*Id*.

The test for whether an appeal is taken in good faith under § 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. *Chayoon, supra*, at *1 (citation omitted). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather [the appropriate inquiry is] whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, 2008 WL 906011, *1 (S.D. Ohio Mar. 31, 2008); *see also Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

Williams' Eighth Amendment claim asserted against defendant Grantt Culliver was fully addressed (and rejected) in the report and recommendation

and the order adopting same. (Docs. 35 & 47.) The pertinent issues having been fully addressed, the undersigned cannot now find, objectively speaking, that there is any non-frivolous issue to be litigated on appeal. Accordingly, it is recommended that the District Judge deny the motion to proceed *in forma pauperis* on appeal and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

Notwithstanding plaintiff's indigent status or the denial of permission to proceed on appeal *in forma pauperis*, because Williams is a prisoner, 28 U.S.C. § 1915 (as amended by the Prison Litigation Reform Act) requires payment of the full amount of the filing fee. After a review of plaintiff's prisoner account statement for the most recent twelve-month period (Doc. 63, at 4), and even acknowledging that his average daily balance for most months has been a mere twelve cents ($0.12), the Court **DIRECTS** the Commissioner of the Alabama Department of Corrections or his designee to withdraw twenty percent (20%) of the preceding month's income credited to Williams' inmate account and remit that amount to the District Court Clerk each time the amount in the account exceeds $10.00 until the total filing fee of $455.00 has been paid in full. These payments shall clearly identify plaintiff's name and the case number assigned to

this action, and shall be paid by check made payable to "Clerk, U.S. District Court." **Once adopted**, the Clerk is **DIRECTED** to send the Commissioner of the Alabama Department of Corrections and the business manager of the institution where plaintiff is incarcerated a copy of this Report and Recommendation and the District Judge's Order adopting same.

## **CONCLUSION**

It is recommended that the District Judge deny plaintiff's motion to proceed *in forma pauperis* on appeal (Doc. 63) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

**DONE** this the 31st day of May, 2011.

                                         s/WILLIAM E. CASSADY
                                         **UNITED STATES MAGISTRATE JUDGE**