IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILLY WILLIAMS, | : | |
| Plaintiff, | : | |
| vs. | : | CA 09-0578-KD-C |
| GRANTT CULLIVER, | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action with prejudice based upon plaintiff's failure to prosecute this action and comply with the Court's April 4, 2012 order.

## PROCEDURAL BACKGROUND

This cause was initially brought by Williams on September 3, 2009 (Doc. 1) and since that time has enjoyed a long and tortured history (*see* Docket Sheet). For purposes of this recommendation, it is enough to recognize that after summary judgment was granted in favor of Warden Grantt Culliver and the Court extended to plaintiff the opportunity to identify the unknown male CERT officer who allegedly assaulted him (*see* Doc. 47), plaintiff filed an amended complaint in accordance with the Court's

instructions (Doc. 74; *compare id. with* Doc. 47). Thereafter, plaintiff filed several motions which were ultimately ruled upon by order dated February 29, 2012 (Doc. 83; *compare id. with* Docs. 76, 78 & 80). Williams, who several months before entry of the foregoing order had informed the Court that he had been released from prison and was residing at 2040 Highland Avenue South, Apt. 1202, Birmingham, AL 35205 (*compare* Docket Sheet Entry for October 26, 2011 *with* Doc. 82), was informed that his amended complaint would be reviewed "and a determination made regarding service of same." (Doc. 83, at 5.)

Approximately one month later, on April 4, 2012, the undersigned entered an order setting this matter for a status conference on May 2, 2012, at 2:00 p.m., and therein specifically ordered plaintiff to attend the conference. (Doc. 84, at 1.)

> To assist Plaintiff and the Court, the undersigned is setting this conference to potentially "formulat[e] and simplify[] the issues, and eliminate[] frivolous claims or defenses." FED. R. CIV. P. 16(c)(2)(A). To further this goal, the Court will allow Plaintiff an opportunity to develop his claims and present to the Court all documents within his possession in support of those claims.
>
> In particular, Plaintiff should be prepared to discuss his attempts to discover the identity of the CERT officer alleged to have been involved in the incident made the basis of this lawsuit. Plaintiff should be prepared to discuss his specific claims with the Court. Plaintiff should also be prepared to discuss his *in forma pauperis* status, in light of his release from prison, as the Court no longer has the means by which to collect the filing fee. *Gay v. Texas Dept. of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (finding a prisoner is obligated to pay the full filing fee for filing an action or appeal while he is incarcerated and his subsequent release is not relevant to this obligation); 28 U.S.C. § 1915(b)(1).

(*Id.* at 1-2.) Williams was warned by the Court that his failure to appear for the hearing scheduled for May 2, 2012, would result in the "undersigned's recommendation that Plaintiff's action should be dismissed in its entirety, with prejudice." (*Id.* at 2.) The undersigned instructed the Clerk of Court to serve a copy of the order on Williams by certified mail, return receipt requested, at the Birmingham, Alabama address plaintiff had previously provided this Court, 2040 Highland Avenue South Apartment 1202. (Doc. 84, at 2; *compare id. with* Doc. 82.) The green receipt card was returned to this Court on April 11, 2012, the face of which reflects the signature and printed name of Trisha McKendree. (Doc. 85.) The Court presumes that Ms. McKendree is plaintiff's girlfriend.

Plaintiff did not appear for the status conference on May 2, 2012. Indeed, this Court has not heard from plaintiff in writing since November 7, 2011, when Williams filed his notice of change of address and provided this Court with the address at which Ms. McKendree accepted delivery of the order dated April 4, 2012. (*See* Doc. 82.) This silence has persisted, despite this Court's subsequent entry of two separate orders (Docs. 83 & 84).

## **CONCLUSIONS OF LAW**

An action may be dismissed if the plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *see World*

*Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'"). The Eleventh Circuit has specifically held that a "district court may *sua sponte* dismiss a case under Rule 41(b)." *Brutus v. Internal Revenue Service,* 393 Fed.Appx. 682, 682 (11th Cir. Aug. 23, 2010), citing *Betty K. Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005); *see also Sanders v. Barrett,* 2005 WL 2640979, *1 (11th Cir. Oct. 17, 2005) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute."). "*Sua sponte* dismissal is appropriate 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.'" *Brutus, supra,* quoting *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009).

Plaintiff failed to attend the status conference set in this case on May 2, 2012 after being informed that his failure to attend the hearing would result in entry of a recommendation that this cause be dismissed with prejudice. (*See* Doc. 84.) Williams' presence at this conference was necessary in order for this Court to attempt to ascertain the identity of the CERT officer who allegedly assaulted plaintiff, the only defendant remaining following summary judgment (*compare* Doc. 47, at 5 ("Should Williams ascertain the identity of the unknown CERT officer, he is **ORDERED** to file his amended complaint on or before June 30, 2011, on this Court's form for a Prisoner Complaint Under 42 U.S.C. § 1983 action and to clearly identify the CERT officer as a

defendant and to state the specific facts and claims alleged as to that defendant.") *with* Doc. 83 ("Plaintiff's motion to substitute Warden Curtis F. Davenport for retired Warden Jerry Ferrell (Doc. 80) is **DENIED AS UNNECESSARY**. Plaintiff's amended complaint (Doc. 74) includes a demand for injunctive and declaratory relief against the warden of G.K. Fountain Correctional Center, who, at the time of the alleged violations, was Warden Ferrell. After Warden Ferrell's retirement, Warden Davenport took over as warden of the prison facility during the pendency of this action. Since Plaintiff has been released from prison, however, and is no longer at G.K. Fountain . . ., his claims for declaratory and injunctive relief are **MOOT**. Therefore, substitution of Warden Davenport in his official capacity is not necessary, since he had no personal participation in any of the actions alleged in the amended complaint."), and thereby get this case in a posture to be resolved in the near future given its age. Because plaintiff felt that it was unnecessary for him to attend the conference on May 2, 2012, the undersigned recommends that the Court **DISMISS WITH PREJUDICE** Williams' civil rights action pursuant to Fed.R.Civ.P. 41(b), *see id.* ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."), due to his failure to prosecute this action by obeying this

Court's lawful order dated April 4, 2012. No lesser sanctions will adequately address Williams' willful conduct in failing to appear before the undersigned on May 2, 2012. *See Brutus, supra* ("In order to justify dismissal with prejudice as a sanction under Rule 41(b), '[t]here must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate.' This is true because dismissal with prejudice is 'a sanction of last resort, applicable only in extreme circumstances. Even so, a dismissal under Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" (internal citations omitted)).[1]

The instructions which follow the undersigned's signature contain information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 9th day of May, 2012.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In truth, the end for plaintiff would be the same if this Court simply dismissed this action without prejudice because any subsequent action filed by Williams would be barred by the applicable statute of limitations. *Compare Lufkin v. McCallum,* 956 F.2d 1104, 1106 (11th Cir.) (recognizing the Supreme Court's instructions that federal courts in § 1983 suits "are to borrow the 'general' or 'residual' statute of limitations for personal injuries provided under the law of the state where the court hearing the case sits.") *with Ecklund v. Alabama Medical Licensing Comm'n,* 2009 WL 4456368, *6 (S.D. Ala. Nov. 20, 2009) ("Alabama's two-year statute of limitations for personal injuries is the statute of limitations used for § 1983 actions heard in Alabama.").

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.     *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14)  days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a

---

[2]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.